# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00731-CR

**Benjamin Guevera Ramirez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
### NO. 8344, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, appellant Benjamin Guevera Ramirez was convicted of the offense of sexual assault of a child. *See* Tex. Penal Code Ann. § 22.011(a)(2)(A) (West Supp. 2009). Punishment was assessed at sixteen years' imprisonment.

The district court heard evidence that on December 17, 2008, Ramirez, a 36-year-old man, had sexual intercourse with J.G., a fourteen-year-old girl. J.G. testified at trial and described in detail her prior relationship with Ramirez, the circumstances surrounding the alleged intercourse, and the act itself. J.G. reported the incident first to an adult friend, Janet Lynn Hackworth, and later to her aunt and legal guardian, Judy Hall. Both Hackworth and Hall testified at trial. Other witnesses included N.S., a fourteen-year-old girl who had knowledge of J.G.'s prior relationship with Ramirez; Janice Denson, a licensed clinical social worker who had counseled J.G. for several sessions after the incident had been reported to the authorities; and Mikey Betancourt, a forensic

interviewer with the Hill Country Children's Advocacy Center who had interviewed J.G. regarding the incident. Both Denison and Betancourt testified that J.G. had discussed the incident with them.

The district court also considered evidence from Debbie Coates, the sexual assault nurse examiner who had performed an exam on J.G. Coates testified that J.G. had told her that she and Ramirez "had sex at his trailer" on December 17, 2008. Coates performed a genital exam on J.G. and found that J.G.'s sexual organ had been penetrated in the past, although Coates admitted on cross-examination that she could not determine when the penetration had occurred. A report of Coates's findings was admitted into evidence.

Three witnesses testified for the defense: Adam Trejo, Ramirez's former roommate; Roger Griffith, Ramirez's friend; and Tammy Stone, Ramirez's girlfriend and the mother of his daughter. All three witnesses claimed that Ramirez was not present at his trailer at the time J.G. had said that she and Ramirez had sex.

The district court found Ramirez guilty as charged. During punishment, Ramirez pleaded true to an enhancement paragraph in the indictment alleging a prior conviction for the felony offense of burglary of a habitation. The district court subsequently sentenced Ramirez to sixteen years' imprisonment. This appeal followed.

Ramirez's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684

(Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Ramirez received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: August 18, 2010

Do Not Publish

3